■ BRONSTEIN, VAN VEEN & BRONSTEIN, P. C., Respondent, v JOCELYN K. TAYLOR et al., Appellants.—Order of the Supreme Court, New York County (Edith Miller, J.), entered on July 27, 1989, which granted plaintiff's motion for a protective order with regard to several requests for production made by defendant Jocelyn Keith Taylor, denied defendants' cross motion to dismiss the complaint and ordered costs in the sum of $100 to be paid to plaintiff by each of defendants' attorneys, is unanimously affirmed, without costs or disbursements.

Plaintiff law firm commenced this action against defendants to recover legal fees for services rendered to defendant Jocelyn Keith Taylor in connection with her divorce. In the course of the litigation, Mrs. Taylor served a notice to produce upon plaintiff requesting, in part, checks issued as disbursements on her behalf, court decisions awarding or denying legal fees to plaintiff, and all affidavits submitted by plaintiff to courts for the award of fees for legal services from 1981 to the present. Plaintiff opposed the demands and, after unsuccessfully attempting to resolve the disputed issues, moved for a protective order. In response, Mrs. Taylor cross-moved to dismiss the action on the ground that the "corporate plaintiff" was handling this matter *pro se.* Defendant Douglas Campbell Taylor joined in the cross motion. Thereafter, the IAS court struck Mrs. Taylor's requests but directed plaintiff to provide a list of disbursements incurred on behalf of Mrs. Taylor. The court denied defendants' cross motion to dismiss and ordered both defendants' counsel to pay costs to plaintiff in the amount of $100 each.

Defendants claim that the court abused its discretion in awarding costs to plaintiff. However, a court may, in its discretion, award costs to any party or attorney in the form of reimbursement or actual expenses reasonably incurred as a result of frivolous conduct (22 NYCRR 130-1.1 [a]). Defendants' cross motion was frivolous since it was "completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing

law" (22 NYCRR 130-1.1 [c] [1]). A *pro se* appearance by a professional corporation such as plaintiff is clearly proper and supported by established legal authority. Accordingly, it was entirely proper to award $100 to plaintiff against each of defendants' counsel in order to provide partial reimbursement for the expense of defending against the frivolous cross motion. Defendant Mrs. Taylor also urges that the IAS court abused its discretion in striking the requests in question. In that connection, these demands were clearly unreasonably burdensome and/or would have yielded documents that were irrelevant. Consequently, the lower court was well within its discretion in striking them and, instead, directing that plaintiff supply defendants with a list of disbursements expended on behalf of defendant Mrs. Taylor during plaintiff's representation of her. Concur—Murphy, P. J., Carro, Milonas, Asch and Wallach, JJ.